IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. BAKER *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>*Defendant.* | Civil Action No. 2:24-cv-1360<br><br>Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Barbara A. Baker ("Baker") filed a putative class action asserting that Defendant 7-Eleven ("7-Eleven") imposes punitive health insurance surcharges on employees who use tobacco products in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 *et seq*. (ECF No. 1). 7-Eleven moved to transfer the case to the United States District Court for the Northern District of Texas ("the Northern District of Texas") where it has its headquarters, where it administers its employee benefit plans, and where the forum selection clause of the plan at issue, the 7-Eleven Comprehensive Welfare Benefit Plan's ("the Plan"), designates. (ECF No. 18). Baker opposed the transfer of venue. (ECF No. 26). For the reasons set forth below, the Court will grant 7-Eleven's motion.

**I.   FACTUAL BACKGROUND**

Baker is a resident of Allegheny County, Pennsylvania. (ECF No. 1, ¶ 7). She was employed by 7-Eleven from 2012 to 2024. (*Id.*). She participated in the Plan for her health insurance. (*Id.*). As a tobacco user, she was required to pay a surcharge of approximately $720

1

per year. (*Id.*¶ 16). Because Baker's husband was also on the Plan, the total surcharge for her family was approximately $1400 per year. (*Id.*)

7-Eleven operates convenience stores throughout the United States and Canada. (*Id.* ¶ 9). Its headquarters is in Irving, Texas. (*Id.*). 7-Eleven sponsored, maintained, and managed the Plan, which is an employee benefit plan subject to the provisions of ERISA. (*Id.* ¶ 10). The Plan contains a forum selection clause, which states: "**Section 14.07 <u>Forum Selection</u>**. Any legal action (whether in law, in equity or otherwise) must be brought in the U.S. District [C]ourt [for] the Northern District of Texas, where the Plan is administered." (ECF No. 25-1, p. 86). Baker filed this action on September 26, 2024. (ECF No. 1). 7-Eleven moved to transfer this case to the Northern District of Texas based on the forum selection clause and the generally applicable provisions of 28 U.S.C. § 1404.[1] (ECF No. 18).

## II.    ANALYSIS

A contractual forum selection clause "represents the parties' agreement as to the most proper forum" to litigate certain disputes. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *see also Atl. Marine*, 571 U.S. at 63 ("The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, . . . a valid forum-selection clause [should

---

[1] 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

2

be] given controlling weight in all but the most exceptional cases." (internal quotation marks and citations omitted) (alternation in original)); *see also Mathias v. Caterpillar*, 203 F. Supp. 3d 570, 574 (E.D. Pa. 2016).

In determining whether to enforce a forum selection clause, courts conduct a two-part analysis:

> First, the district court must determine whether the forum selection clause is valid and enforceable. *See Atl. Marine*, 571 U.S. at 62 n.5. Forum section clauses are "prima facia valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" or obtained by "fraud, undue influence, or overweening bargaining power." *Foster*, 933 F.2d at 1219 (quoting *M/S Breman*, 407 U.S. at 10).
>
> Second, a court must consider whether, pursuant to [28 U.S.C.] § 1404(a), "extraordinary circumstances" militate against enforcing the forum selection clause. *Atl. Marine*, 571 U.S. at 62-63. In considering whether such extraordinary circumstances exist, a court may consider, "arguments about public-interest factors only," *id*. at 582 including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law," *id*. at 63 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6. (1981). The public interest factors must "overwhelmingly disfavor a transfer to overcome a forum selection clause." *Id*. at 67.

*Mathias*, 203 F. Supp. 3d at 575.

While forum selection clauses are contractual in nature, their terms do not have to be expressly negotiated between the parties, especially in the ERISA context where there is generally little individual bargaining over terms. "[A] forum selection clause need not be the result of arm's length negotiations so long as the clause is fundamentally fair." *Mathias*, 203 F. Supp. 3d at 576 (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991)). The acceptance of health insurance benefits by an employee is deemed to be voluntary and will lead to enforcement of an otherwise valid forum selection clause. *Id.; see also Robertson v. Pfizer Retirement Committee*, 2018 WL 3618248, at *6 (E.D. Pa. July 27, 2018) ("[A]s Plaintiff sought

3

benefits under the terms of the Plan after the addition of the forum-selection clause, it is evident that the provisions within the Plan had been accepted by Plaintiff."); *Kemmerer v. ICI Americas Inc.*, 70 F.3d 281, 287 (3d Cir. 1995) (noting that a pension plan "constitutes an offer that the employee, by participating in the plan, electing a distributive scheme, and serving the employer for the requisite number of years, accepts by performance").

      A.      **The Forum Selection Clause is valid and enforceable.**

As explained above, forum selection clauses are presumptively enforceable. The Court will only disregard the forum selection clause in the Plan if it is "unreasonable under the circumstances" or "obtained by fraud, undue influence or overweening bargaining power." *Mathias*, 203 F. Supp. 3d at 575.

While the parties dispute its applicability, § 14.07 of the Plan unequivocally mandates all actions arising out of the Plan be brought in the Northern District of Texas, where the Plan is administered. (ECF No. 25-1, p. 86). Likewise, it is undisputed that Baker was an employee of 7-Eleven and voluntarily received health insurance according to the provisions of the Plan. She accepted the terms of the Plan, including the forum selection provisions at § 14.07. *Robertson*, 2018 WL 3618248, at *6.

The Court holds that the forum selection clause is reasonable under the circumstances and, therefore, is valid. The forum selection clause's designation of the Northern District of Texas as the appropriate forum is reasonable. The Northern District of Texas is not a "remote alien forum" designed only to inconvenience litigants. *See Carnival*, 499 U.S. at 594 (holding that a forum selection clause was reasonable and enforceable because the designated forum was "not a remote alien forum"). It is 7-Eleven's home forum. *See id.* at 595 (stating that Florida was a reasonable venue because "Petitioner has its principal place of business in Florida, and

many of its cruises depart from and return to Florida ports"). Litigation arising out of the Plan will raise questions that relate to the interpretation of the Plan as a whole, rather than only as applied to a single litigant. It is not unreasonable for 7-Eleven to designate its home forum to address such challenges.

The Court rejects any contention that the inclusion of the forum selection clause violates public policy by depriving litigants in ERISA cases from access to the federal courts. Rather, "[t]he majority of district courts to address the issue . . . have held that forum selection clauses are permissible in the ERISA plan context." *University Spine Center v. 1199SEIU National Benefit Fund*, 2018 WL 1327109, at *3 (D.N.J. March 15, 2018) (quoting *Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209, 212 (D. Me. 2016); *see also Mathias*, 203 F. Supp. 3d at 577 ("The majority of courts that have considered the issue have enforced the forum selection clauses in ERISA plans."). In *Carnival*, the Supreme Court of the United States rejected the contention that the forum selection clause at issue made it unduly inconvenient for the plaintiffs to litigate in the chosen forum. *Carnival*, 499 U.S. at 594. That case was decided before electronic filing and the proliferation of electronic communications. The Court understands that Baker would rather litigate in her home forum. Nevertheless, there is no basis to find that it would be so unduly inconvenient for Baker to litigate in the Northern District of Texas so as to deprive her of access to the courts.

Finally, there is no evidence that the forum selection clause was procured by fraud or undue influence. Nor was it the product of "overweening bargaining power." As explained above, forum selection clauses need not the be result of arm's length negotiation, so long as the clause is fundamentally fair. *See Mathias*, 203 F. Supp. 3d at 576. The Court holds that the

forum selection clause in the Plan is fundamentally fair.[2] It further holds that the clause in the Plan is valid and enforceable.

### B. No extraordinary circumstances weigh against enforcing the forum selection clause.

Having determined that the Plan's forum selection clause is valid and enforceable, the Court must next determine whether "extraordinary circumstances" weigh against enforcing it. The touchstone for the Court's analysis under this prong are the factors at 28 U.S.C. § 1404(a). However, as explained above, in the context of a forum selection clause, the Court may consider only the public interest factors. *Atl. Marine*, 134 S.Ct. at 581. The public interest factors are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880-81 (3d Cir. 1995). The public interest factors must "overwhelmingly disfavor a transfer to overcome a forum selection clause." *Atl. Marine*, 571 U.S. at 62.

In this case, brought under federal law, the final factor—familiarity with state law—is not applicable. There is no issue with the enforceability of a judgment entered by the Northern District of Texas. Because this case concerns ERISA, a federal statute of general application, and raises issues that apply to Plan participants nationwide, there are no compelling local interests or public policies that would be impacted based on the district in which this case

---

[2] Baker briefly argued that the Court should reject the forum selection clause because it was unilaterally added to the Plan in 2023 without notice or consent. (ECF No. 26, p. 8). The Court holds that this does not undermine the forum selection clause. There is no question that it was in the Plan at the conclusion of Baker's employment. Baker could have accessed and reviewed the Plan and thus learned of the forum selection clause.

proceeds. There are no practical considerations—focusing only on public considerations—that would impact the expeditious and inexpensive trial of this matter. The final public factor to be considered is the relative court congestion and backlog between this district and the Northern District of Texas. Nothing has been presented to the Court to suggest that the Northern District of Texas is suffering from a backlog. There is no indication that court congestion would impact this case. While the Northern District of Texas has more filings per judgeship than this district, there is no indication that this has created a backlog or congestion.[3] Indeed, the median time from filing to disposition in civil cases in the Northern District of Texas is (as of March 31, 2024, when the statistics were last reported) 6.1 months.[4] This is only marginally longer than the Western District of Pennsylvania's 5.9-month median.[5] These statistics are not independently dispositive, but illustrate the fact that there is no evident difference between the districts that would weigh against transfer. A party seeking to avoid the enforcement of a forum selection clause has the high burden of establishing that the public interest factors render the situation "extraordinary." *Mathias*, 203 F. Supp. 3d at 577. The situation in this case is far from extraordinary. Rather, the public interest factors support transfer to the Northern District of Texas.

---

[3] The Court may look at comparative case statistics. Administrative Office of the U.S. Courts, *U.S. District Courts – Report on Civil Cases Pending More Than Three Years and Motions, Bench Trials, Bankruptcy Appeals, and Social Security Appeal Cases Pending More Than Six Months As of September 30, 2024*, Statistical Tables for the Federal Judiciary, CJRA Appendix A, (2024), cjra_na_0930.2024.pdf.

[4] Administrative Office of the U.S. Courts, *U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2024*, Statistical Tables for the Federal Judiciary, Table C-5, (2024), fjcs_c3_0331.2024.xlsx.

[5] *Id.*

### III.  CONCLUSION

For the reasons set forth above, the Court will grant 7-Eleven's motion. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

___5/21/25_____
Dated